(Pleito No. 30.—Fallado el 7 de Marzo de 1900.)

## Sánchez contra Banco.

Recurso contra sentencia dictada por el Tribunal de Distrito de San Juan.

Suspensiones de pago. El plazo de cuarenta y ocho horas mencionado en el artículo 871 del Código de Comercio, concedido á un deudor para presentarse en suspensión de pagos, no empieza á correr hasta que la deuda haya vencido. La citación del deudor sin expresarse con qué objeto, ó si la obligación está vencida ó no, no será motivo determinante para empezar á contar el referido plazo.

### SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á siete de Marzo de mil novecientos, en el pleito pendiente ante Nos en virtud de recurso de casación por infracción de ley, seguido en el suprimido Juzgado de 1ª Instancia de Mayagüez y en el Tribunal de Distrito de San Juan por la Sucursal del Banco Español de Puerto Rico establecida en aquella Ciudad, representada y defendida primero por el Letrado Don Antonio Sarmiento Porras, después por su compañero Don Rafael Palacios Rodríguez, con la sociedad mercantil Sánchez, Echalecu y Cª, con domicilio en el pueblo de Añasco, bajo la representación y dirección del Abogado Don Herminio Díaz Navarro.—Resultando: Que la sociedad mercantil Sánchez, Echalecu y Cª acudió al Juzgado de 1ª Instancia de Mayagüez con escrito fecha veinte y dos de Noviembre de mil ochocientos noventa y ocho, al que acompañó una relación circunstanciada de los bienes que constituían su activo, importante ciento veinte y cinco mil ciento treinta y nueve pesos un centavo, y otra de los acreedores que constituían el pasivo ascendente á setenta y cinco mil trescientos ochenta y seis pesos sesenta y nueve centavos, con una diferencia ó sobrante, por tanto, de cuarenta y nueve mil setecientos cincuenta y dos pesos treinta y dos centavos, figurando entre los acreedores la sucursal del Banco Español por cantidad de dos mil ciento setenta y

seis pesos cuarenta y siete centavos; y habiendo acompañado además proposición de convenio en la que ofrecía satisfacer íntegros sus créditos en tres años, á contar desde la fecha en que aquél fuera aprobado, alegó la situación anormal que le había creado la mencionada sucursal por haberle sido embargadas á su instancia el día anterior preventivamente existencias de su establecimiento, é invocando el derecho que le concedían los artículos 870 y 871 del Código de Comercio, pidió se le declarara en estado de suspensión de pagos con todos los beneficios inherentes á tal situación, como así se acordó por auto de veinte y seis de Noviembre citado, y que se anunciara semejante declaración por medio de edictos á reserva de señalarse día para la celebración de la junta de acreedores.—Resultando: Que la sucursal del Banco Español de Puerto Rico en escrito presentado al mencionado Juzgado en veinte y cuatro de Diciembre del mismo año produjo demanda incidental para que con suspensión del procedimiento se declarase la nulidad de todo lo actuado y en estado de quiebra á la mercantil Sánchez, Echalecu y Cª con los demás pronunciamientos que determinan los artículos 1,331 y siguientes de la Ley de Enjuiciamiento Civil, y las costas á cargo de la sociedad demandada, alegando en apoyo de su pretensión que la mercantil Sánchez, Echalecu y Cª por auto de veinte y dos de Abril de mil ochocientos noventa y siete había sido declarada á instancia propia en suspensión de pagos, señalándose para la junta de acreedores el veinte y uno de Julio del propio año, sin que llegara á celebrarse por haber desistido la sociedad deudora de la continuación del expediente, en el que se sobreseyó por auto del treinta de Noviembre del mismo año, quedando los acreedores en completa libertad para reclamar lo que á su derecho conviniera, cuya resolución quedó consentida y firme, y posteriormente los Sres. Bravo y Cª de la plaza de Mayagüez siguieron diligencias preparatorias de ejecución contra la razón social Sánchez y Echalecu de la que era liquidadora

la otra de Sánchez, Echalecu y Cª, que fué citada por primera, segunda y tercera vez en veinte y cinco de Abril, diez y veinte de Mayo de mil ochocientos noventa y ocho, habiendo promovido también Don Luis Aran iguales diligencias preparatorias de ejecución contra Sánchez, Echalecu y Cª, á los que se hizo la primera citación para el quince de Noviembre del expresado año, por lo que habiéndose presentado dicha sociedad en estado de suspensión de pagos con fecha veinte y dos de Noviembre habían transcurrido siete meses desde la fecha de la reclamación de Bravo y Cª, y siete días desde que hizo la suya Don Luis Aran, á partir del señalado para la comparecencia, y como el artículo 871 del Código de Comercio concede á los comerciantes el derecho de presentarse en estado de suspensión de pagos, en el supuesto de que tengan bienes suficientes para cubrir su pasivo, dentro de las cuarenta y ocho horas, y no más, siguientes al vencimiento de una obligación que no hayan satisfecho, es claro que Sánchez, Echalecu y Cª no podían disfrutar del beneficio que concede dicho precepto legal y debían ser declarados en estado de quiebra, procediendo por tanto la nulidad de lo actuado con los demás pronunciamientos pretendidos. Resultando: Que conferido traslado por término de seis días á la sociedad mercantil Sánchez, Echalecu y Cª con suspensión de todo procedimiento por providencia de cuatro de Enero de mil ochocientos noventa y nueve, la parte demandada utilizó contra esa providencia recurso de reforma que fué denegado por otra del treinta del mes citado por no haberse interpuesto en tiempo, teniéndose por contestada la demanda incidental y recibiéndose á prueba el artículo.— Resultando de las pruebas practicadas á instancias de la sucursal del Banco Español de Puerto Rico en Mayagüez que por escritura pública del año de mil ochocientos noventa y siete se constituyó la sociedad mercantil Sánchez, Echalecu y Cª por término de cuatro años, vencibles en primero de Marzo de mil novecientos uno, consignándose que dicha sociedad se hacía cargo del activo y pasivo de la que con la

razón de Sánchez y Echalecu existió en el pueblo de Añasco;
que Sánchez, Echalecu y Cª se presentaron en suspensión de
pagos en veinte de Abril de aquel año ante el Juzgado
de 1ª Instancia de Mayagüez, en cuyo estado fueron decla-
rados por auto de veinte y dos de Abril citado, y habiendo
desistido de la continuación del expediente, se les hubo por
desistidos en auto de treinta de Noviembre del mismo año,
quedando los acreedores en completa libertad para reclamar
lo que les correspondiera en la forma legal procedente ;
y que en diligencias preparatorias de ejecución promovidas
por Bravo y Cª contra Sánchez, Echalecu y Cª, fueron
éstos citados por tres veces, á saber : en veinte y cinco
de Abril de mil ochocientos noventa y ocho y en los días
diez y veinte de Mayo siguiente, habiendo sido citados
igualmente con fecha ocho de Noviembre del propio año
para reconocimiento de firmas en otras diligencias prepa-
ratorias de ejecución seguidas por Don Luis Aran contra
la repetida sociedad Sánchez, Echalecu y Cª en cobro de
pesos, sin que de la certificación expedida por el Escribano,
en cuyo oficio radicaban unas y otras diligencias, conste
á que clase de obligaciones se referían, ni si estaban
vencidas ó no.—Resultando :   De las pruebas suminis-
tradas por Sánchez, Echalecu y Cª que examinados á
su instancia Don Alberto Bravo, como representante de
Bravo y Cª, y Don Luis Aran y Lausí, el primero declaró que
en mérito de transacción realizada con la mercantil Sánchez,
Echalecu y Cª desistió de la reclamación judicial contra éstos
iniciada en Abril de mil ochocientos noventa y ocho, y el
segundo, ó sea Aran, manifestó que si bien la sociedad Sánchez,
Echalecu y Cª, le hizo proposiciones de pago en virtud de
los cuales suspendió contra ellos todo procedimiento hasta
Noviembre de mil ochocientos noventa y ocho, como no las
cumplieron, ordenó á su representante continuara las gestio-
nes establecidas contra la sociedad deudora; habiendo decla-
rado además los testigos Don Antonio Díez, Don Antonio
Charneco, Don Francisco González López, gestor de la

mercantil Morales y Cª y Don José Pérez y Fernández, socio de la mercantil Pérez, Ramos y Cª, que siendo acreedores de Sánchez, Echalecu y Cª en el año de mil ochocientos noventa y siete cuando éstos pidieron se les declarase en estado de suspensión de pagos, transigieron respecto á sus derechos con los deudores, autorizando á éstos para que desistieran del estado de suspensión de pagos que habían solicitado en el Juzgado de 1ª Instancia de Mayagüez, como cree transigieron también los demás acreedores que figuraban en la relación.—Resultando que el Juzgado de 1ª Instancia de Mayagüez dictó sentencia el veinte y seis de Mayo último por la que declaró sin lugar la oposición formulada por el Banco Español de Puerto Rico á la declaratoria de suspensión de pagos de Sánchez, Echalecu y Cª, con las costas á cargo de la parte opositora; é interpuesta apelación contra dicha sentencia, fué revocada ésta por el Tribunal del Distrito de San Juan, el que por la suya de 1º de Noviembre último declaró con lugar la oposición formulada por la sucursal del Banco Español en Mayagüez á la declaratoria del estado de suspensión de pagos de Sánchez, Echalecu y Cª que declaró nula, dejando á sus acreedores expeditos para que ejerciten su derecho en la vía y forma que corresponda, y con arreglo á derecho, sin especial condenación de costas en ambas instancias.—Resultando: Que la sociedad Echalecu y Cª ha interpuesto contra esa sentencia recurso de casación por infracción de ley, autorizados por los números 1º y 7º del artículo 1,690 de la Ley de Enjuiciamiento Civil, citando como infringidos:—1º El artículo 1,218 del Código Civil que determina un error grave de hecho en la apreciación de la prueba, toda vez que la Sala sentenciadora estima que de las diligencias preparatorias de juicio ejecutivo, iniciadas contra Sánchez, Echalecu y Cª más de cuarenta y ocho horas antes de su declaratoria en suspensión de pagos, se deduce como hecho probado, que están vencidas las obligaciones originarias de dichas diligencias, siendo así que la vida legal de éstas sólo se ha justificado en

autos por el Banco Español, con una certificación, en la que ni se dice la clase de obligaciones perseguidas, ni se insertan ó copian, ni se anota la fecha de sus vencimientos; y la existencia de tales diligencias preparatorias de ejecución, aunque se hubiesen convertido en ejecuciones, no prueba de modo alguno el vencimiento de la deuda que se reclama, ya que en una oposición á esas ejecuciones podía demostrarse que las obligaciones que las motivaron no eran exigibles, por no estar vencidas ó por estar ya pagadas.—2º El principio jurídico *actore non probante, reus est absolvendus,* consignado como doctrina legal en multitud de sentencias del Tribunal Supremo, por cuanto en la recurrida se afirma que el Banco Español con la sola certificación expresada ha probado que las obligaciones otorgadas por Sánchez, Echalecu y Cª á favor de dicho Banco y de Don Luis Aran están vencidas con más de cuarenta y ocho horas de anticipación á su declaratoria en suspension de pagos, siendo así que ese extremo no resulta, ni puede resultar de los términos en que aparece extendida la certificación, ni dársele á ésta tal alcance.—3º El artículo 871 del Código de Comercio, reformado por el Real Decreto de veinte y cinco de Junio de mil ochocientos noventa y siete, toda vez que no habiendo comprobado el Banco Español que Sánchez, Echalecu y Cª tuviese obligaciones vencidas cuarenta y ocho horas antes de presentarse en suspensión de pagos Sánchez, Echalecu y Cª, ha debido desestimarse con costas el incidente de nulidad.—Resultando: Que la representación del Banco Español impugnó el recurso en el acto de la vista.—Visto: Siendo Ponente el Juez Asociado Don José C. Hernándes.—Considerando que con arreglo al artículo 870 del Código de Comercio, podrá constituirse en estado de suspensión de pagos el comerciante que poseyendo bienes suficientes para cubrir todas sus deudas prevea la imposibilidad de efectuarlo á la fecha de sus respectivos vencimientos, y el que carezca de recursos para satisfacerlas en su integridad, como también podrá hacerlo según el artículo siguiente, si formula su peti-

ción presentándose en dicho estado dentro de las cuarenta y ocho horas siguientes al vencimiento de una obligación que no haya satisfecho.—Considerando: Que por documento público ó certificación expedida por escribano de actuaciones con vista de diligencias preparatorias de ejecución promovidas por Bravo y Cª y Don Luis Aran contra Sánchez, Echalecu y Cª en cobro de pesos, sólo se ha justificado que dicha sociedad mercantil fué citada por tres veces en veinte y cinco de Abril, y diez y veinte de Mayo del año próximo pasado, á instancia de Bravo y Cª, sin que se exprese con qué objeto, y otra vez á instancia de Don Luis Aran en ocho de Noviembre del mismo año para el reconocimiento de firmas, ignorándose de qué obligaciones se trataba, y si estaban ó no vencidas, pues nada consigna la certificación sobre tales particulares; y por tanto, al deducir la Sala sentenciadora del mencionado documento la existencia de obligaciones vencidas y no. satisfechas, le ha dado mayor valor y alcance que el que en sí tiene, por haber hecho extensiva la prueba á hechos que en el documento no constan, infringiendo así el artículo 1,218 del Código Civil.—Considerando: Que no habiéndose justificado que Sánchez, Echalecu y Cª dejaron de transcurrir para presentarse en estado de suspensión de pago las cuarenta y ocho horas siguientes al cumplimiento de una obligación vencida y no satisfecha, ha infringido también la Sala sentenciadora el principio jurídico *actore non probante reus est absolvendus* y el artículo 871 del Código de Comercio declarando con lugar la oposición formulada por el Banco Español á la suspensión de pagos de dicha sociedad, y negando á ésta por tanto un derecho que la Ley explícitamente le reconoce.—Fallamos: Que debemos declarar y declaramos haber lugar al recurso de casación interpuesto por Sánchez, Echalecu y Cª; y en su consecuencia casamos y anulamos la sentencia que en primero de Noviembre último dictó el Tribunal del Distrito de San Juan, sin especial condena de costas, lo que con la resolución que á continuación se dicte se comunique á dicho Tribunal á los fines proceden-

tes.—Así por esta nuestra sentencia que se publicará en la *Gaceta Oficial*, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras.—Juan Morera Martínez.—Luis de Ealo y Domínguez.

Publicación.—Leída y publicada fué la anterior sentencia por el señor Juez Asociado del Tribunal Supremo Don José C. Hernández, Ponente en este recurso, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico á siete de Marzo de mil novecientos.—E. de J. López Gaztambide.